17-462
Sindh v. Barr

BIA
Poczter, IJ
A206 443 904

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand nineteen.

PRESENT:
 DENNIS JACOBS,
 ROSEMARY S. POOLER,
 DENNY CHIN,
  *Circuit Judges.*
_____

PARMINDER SINGH,
  *Petitioner,*

 v. 17-462
   NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
  *Respondent.*[1]
_____

FOR PETITIONER: Dalbir Singh, New York, NY.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Andrew N. O'Malley, Senior Litigation Counsel, Office of Immigration Litigation, United

---

[1] According to the parties' briefs, the Petitioner's surname is "Singh" rather than "Sindh." The Clerk of Court is therefore directed to amend the caption as above.

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Parminder Singh, a native and citizen of India, seeks review of a January 19, 2017, decision of the BIA affirming a July 7, 2016, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Parminder Sindh,* No. A 206 443 904 (B.I.A. Jan. 19, 2017), *aff'g* No. A 206 443 904 (Immig. Ct. N.Y.C. July 7, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations under a substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The

2

governing REAL ID Act credibility standard provides:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements[,] . . . the internal consistency of each such statement, the consistency of such statements with other evidence of record[,] . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *see* 8 U.S.C. § 1252(b)(4)(B). As discussed below, substantial evidence supports the agency's determination that Singh was not credible.

The agency reasonably relied on inconsistencies between Sindh's testimony and his supporting evidence in finding that Singh was not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh's testimony that he never reported any of the attacks against him to the police contradicted his uncle's affidavit,

3

which stated that he and Sindh went to the police station together to report an August 2013 attack. And Singh's testimony that he and his uncle, but not his mother, spent two months in hiding in Delhi contradicted Singh's mother's affidavit, which reflected that she accompanied Singh to Delhi.

The agency also reasonably relied on Singh's uncle's omission of any reference to the two months he and Singh spent living in hotels in Delhi as support for its adverse credibility determination. The agency may rely on omissions in a witness's letter to support an adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. Although an applicant's inability to explain a third party's omission may be less probative of credibility where the omission is not inconsistent with the applicant's account, when the omitted "facts are ones that a credible [witness] would reasonably have been expected to disclose under the relevant circumstances," the agency may rely on such an omission to support an adverse credibility determination. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 77-79 (2d Cir. 2018). The agency was permitted to rely on the fact that Singh's uncle never

4

discussed the time Singh allegedly spent feeling persecution in India because one would reasonable expect Singh's uncle to disclose such a substantial period of avoiding persecution.

Singh now argues that the agency should not have credited the affidavits because his mother and uncle were interested witnesses who were not available for cross- examination.  As the Government observes, Singh did not raise this argument before the agency, and it is therefore precluded from our review because it is an unexhausted claim.  *See Foster v. INS*, 376 F.3d 75, 77-78 (2d Cir. 2004) (requiring petitioners to raise issue to the BIA to preserve them for judicial review).  In any event, the argument also fails on the merits because the agency may rely on inconsistencies between an applicant's statements and "other evidence of record," 8 U.S.C. § 1158(b)(1)(B)(iii), and the agency has broad discretion in weighing the evidence, *see Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").  Moreover, Singh submitted these affidavits as support for his application and does not give any reason why they would be unreliable except

for his relatives' relationship to him, which if anything, suggests that they would try to support his asylum claim rather than undermine it.

In finding Singh not credible, the agency also reasonably relied on Sindh's inability to provide details about his time in Delhi when he was asked on cross examination how long he stayed in Delhi, at how many hotels he stayed, the names of the hotels, and the amount of time he spent at each hotel. See *Shunfu Li v. Mukasey*, 529 F.3d 141, 147 (2d Cir. 2007) (explaining that vague testimony may support an adverse credibility determination if "government counsel or the IJ first attempts to solicit more detail from the alien").

Considered cumulatively, the inconsistencies, between Singh's statements and the supporting affidavits, Singh's inability to give details, and the lack of reliable corroboration provide substantial evidence for the adverse credibility ruling. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 167. Because all of Singh's claims were based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148,

156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court